No. 9850.

THE CINCINNATI, HAMILTON AND INDIANAPOLIS RAILROAD COMPANY v. FORD.

RAILROAD.— *Killing Animals.* — *Fence.*— *Burden of Proof.* — In an action against a railroad company for killing stock at a place on its track where the fence enclosing it was not securely maintained, the burden is upon it of showing reasons for its failure to properly maintain a secure fence at that place.

From the Rush Circuit Court.

*R. D. Marshall* and *J. W. Study*, for appellant.

*G. C. Clark* and *C. Cambern*, for appellee.

BLACK, C.—This was an action against the appellant to recover the value of a colt owned by the appellee, which the appellant ran its engine and train of cars against and over and killed, in Rush county, the place where the animal went upon the railroad and was killed not being securely fenced.

Issues were formed, the trial of which resulted in a verdict in favor of the appellee for $175. A motion for a new trial made by appellant was overruled, and this ruling is assigned as error. The grounds for a new trial stated in the motion were, that the verdict was not sustained by sufficient evidence, that it was contrary to law, and that the court erred in giving certain instructions to the jury.

The verdict was sustained by sufficient legal evidence. The plaintiff having introduced evidence tending to prove that, within six years before the commencement of the action, his colt, of the value found by the jury, wandered upon the defendant's railroad and was struck and killed by its engine and train, at a place in Rush county where the fence inclosing the railroad was not securely maintained, the burden was upon the defendant to show a sufficient reason for its failure to properly maintain a secure fence at that place. Not only did the defendant fail to show such a reason, but there was evidence of the want of it. There is nothing in the case which makes it necessary or proper to set out the evidence, all the questions involved being well settled by very many decisions of this court.

Of the instructions appellant's counsel say nothing in their brief, except that they think that charge number one, as to the evidence of the killing, is not the law, and that as to charges five and six they have no very serious objections, but they think they are a little too broad and calculated to mislead the jury. We might well decline to examine these instructions. We have, however, carefully read them and have discovered no error in them, but, as counsel have found it inconvenient or impossible to frame any argument against them, we will not discuss them.

The judgment should be affirmed.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment be affirmed, at appellant's costs.